```
 1                    IN THE UNITED STATES DISTRICT COURT

 2                    IN AND FOR THE DISTRICT OF DELAWARE

 3                                 - - -
     IN RE:
 4
     MOTIONS FOR ACCESS OF GARLOCK      :    CIVIL ACTION
 5   SEALING TECHNOLOGIES LLC,          :
                                        :    NO. 11-1130-LPS
 6
                                   - - -
 7
                          Wilmington, Delaware
 8                    Wednesday, February 15, 2012
                          Telephone Conference
 9
                                   - - -
10
     BEFORE:       HONORABLE LEONARD P. STARK, U.S.D.C.J.
11
                                   - - -
12    APPEARANCES:

13
               MORRIS NICHOLS ARSHT & TUNNELL, LLP
14             BY:  GREGORY W. WERKHEISER, ESQ., and
                    MATTHEW B. HARVEY, ESQ.
15
                    and
16
               ROBINSON, BRADSHAW & HINSON, P.A.
17             BY:  GARLAND S CASSADA, ESQ., and
                    RICHARD C. WORF, ESQ.
18                  (Charlotte, North Carolina)

19                       Counsel for Appellants

20
               MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP
21             BY:  NATALIE D. RAMSEY, ESQ.

22                  and

23

24
                                     Brian P. Gaffigan
25                                   Registered Merit Reporter
```

```
 1    APPEARANCES:  (Continued)

 2
                MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP
 3              BY:  ELLEN C. BROTMAN, ESQ.
                     (Philadelphia, Pennsylvania)
 4
                          Counsel for Appellees Kazan, McClain,
 5                        Lyons, Greenwood & Harley; Waters &
                          Kraus LLP; Simmons Browder Gianaris
 6                        Angelides & Barnerd LLC; Bergman,
                          Draper & Frockt, Gori, Julian &
 7                        Associates, P.C.; Early, Lucarelli,
                          Sweeney & Strauss; Cooney & Conway;
 8                        Lipsitz & Ponterio, LLC; Bifferato LLC;
                          and Montgomery, McCracken, Walker &
 9                        Rhoads, LLP

10
                RICHARD LAYTON & FINGER, P.A.
11              BY:  JASON MICHAEL MADRON, ESQ.

12                   and

13              WEIL GOTSHAL & MANGES, LLP
                BY:  DEBRA DANDENEAU, ESQ.
14
                          Counsel for Armstrong World
15                        Industries, Inc.

16
                THE HOGAN LAW FIRM
17              BY:  DANIEL K. HOGAN, ESQ.

18                   and

19              STUTZMAN, BROMBERG, ESSERMAN & PLIFKA
                BY:  SANDER L ESSERMAN, ESQ.,
20                   DAVID A. KLINER, ESQ., and
                     DAVID J. PARSONS, ESQ.
21                   (Dallas, Texas)

22                        Counsel for f Peter G. Angelos, P.C.;
                          Baron & Budd, P.C.; Brayton Purcell, LLP;
23                        Hissey Kientz, LLP; The Lipman Law Firm;
                          Reaud, Morgan & Quinn, Inc.; Thornton &
24                        Naumes, LLP; Waters & Kraus, LLP;
                          Weitz & Luxenberg P.C.; and Williams
25                        Kherkher Hart Boundas, LLP
```

```
 1    APPEARANCES:  (Continued)

 2

 3                  SAUL EWING, LLP
                    BY:  ADAM. H. ISENBERG, ESQ., and
 4                       LUCIAN MURLEY, ESQ.

 5                          Counsel for Reorganized Owens Corning

 6
                    CAMPBELL & LEVINE, LLC
 7                  BY:  MARK T. HURFORD, ESQ.

 8                       and

 9                  CAPLIN & DRYSDALE, CHARTERED
                    BY:  KEVIN C. MACLAY, ESQ.
10                       (Washington, District of Columbia)

11                              Counsel for the Official Committees
                                for Asbestos Claimants Flintcote,
12                              Grace, NARCO, and Pittsburgh Corning

13
                    SIDLEY AUSTIN, LLP
14                  BY:   CHRISTINA M. CRAIGE, ESQ.
                          (Los Angeles, California)
15
                            Counsel on behalf of Funco Co.
16

17                  UNITED STATES TRUSTEE'S OFFICE
                    BY:  RICHARD SCHEPACARTER, ESQ.
18
                            Counsel on behalf of United States
19                          Trustee

20
                    KIRKLAND & ELLIS, LLP
21                  BY:  ADAM PAUL, ESQ.
                         (Chicago, Illinois)
22
                            Counsel on behalf of W.R. Grace
23

24

25
```

```
 1    APPEARANCES:  (Continued)

 2
                MOTLEY RICE, LLC
 3              BY:   JEANETTE M. GILBERT, ESQ.
                      (Mount Pleasant, South Carolina)
 4
                            Counsel on behalf of asbestos claimants
 5

 6              REED SMITH, LLP
                BY:   DAVID ZIEGLER, ESQ.
 7
                            Counsel on behalf of Pittsburgh Corning
 8

 9

10                              - oOo -

11                       P R O C E E D I N G S

12              (REPORTER'S NOTE:  The following telephone

13   conference was held in chambers, beginning at 2:02 p.m.)

14              THE COURT:  Good afternoon, counsel.  This is

15   Judge Stark.  Who do I have on the line, please?

16              MR. WERKHEISER:  Good afternoon, your Honor.

17   This is Gregory Werkheiser from Morris Nichols Arsht &

18   Tunnell representing Garlock, the appellant here.

19              THE COURT:  Okay.

20              MR. WERKHEISER:  My colleague Matthew Harvey --

21              MS. RAMSEY:  Natalie Ramsey of Montgomery

22   McCracken Walker & Rhoads representing some of the law firm

23   appellees.

24              THE COURT:  Hold on a second. Let's hear from

25   everybody for the appellants first.  Mr. Werkheiser, who do
```

1   you have with you?

2              MR. WERKHEISER:  I'm sorry, your Honor.  My

3   colleague Matthew Harvey is here with me, and I believe our

4   co-counsel are on the phone and would ask them to announce

5   themselves.

6              THE COURT:  Okay.  Go ahead, please.

7              MR. CASSADA:  Yes, your Honor.  Thank you.

8   This is Garland Cassada.  I'm with Robinson Bradshaw in

9   Charlotte, North Carolina accompanied by my partner Rich

10  Worf.

11             THE COURT:  Of course.  Thank you very much.

12             All right.  And who also else do we have then?

13             MS. RAMSEY:  Apologies, your Honor.  Natalie

14  Ramsey, Montgomery McCracken Walker & Rhoads, and my partner

15  Ellen Brotman for certain of the law firm appellees.

16             THE COURT:  Okay.

17             MS. DANDENEAU:  Your Honor, Deborah Dadeneau

18  from Weil Gotshal & Manges here on behalf of Armstrong World

19  Industries.  I believe my co-counsel Jason Madron from the

20  law firm of Richard Layton & Finger is on the phone.

21             MR. MADRON:  Yes, your Honor.  I'm on the phone

22  as well.

23             THE COURT:  Thank you.

24             MR. ISENBERG:  Good afternoon, your Honor.  Adam

25  Isenberg from Saul Ewing.  I'm here with Luke Murley.  We

1  are here on behalf of Reorganized Owens Corning.
2              THE COURT:  Okay.  Thank you.
3              Is there anybody else?
4              MR. ESSERMAN:  Good afternoon, your Honor.  This
5  is Sandy Esserman with David Parsons and David Klingler on
6  behalf of various law firms, appellees.
7              THE COURT:  Okay.  Thank you.
8              MR. HURFORD:  Good afternoon, your Honor.  Mark
9  Hurford with Campbell Levine here in Wilmington and my firm
10 represents either Delaware or PA counsel the four asbestos
11 committees.  Those are Flintcote, Grace, NARCO, and
12 Pittsburgh Corning that are appellees; and also lead counsel
13 who is Caplin & Drysdale are also on the phone.  I believe
14 it's Mr. Maclay.
15             MR. MACLAY:  Yes, this is Kevin Maclay from
16 Caplin & Drysdale representing the same four ACCs.
17             THE COURT:  Okay.  Thank you very much.
18             MS. CRAIGE:  Good afternoon, your Honor.
19 Christina Craige from Sidley Austin here on behalf of the
20 Funco Co.
21             THE COURT:  Okay.  Thank you.
22             Is there anybody else?
23             MR. SCHEPACARTER:  Good afternoon, your Honor.
24 Richard Schepacarter for the United States Trustee.
25             THE COURT:  Okay.  Thank you.

1        MR. ZIEGLER:  Good afternoon, your Honor.  David
2   Ziegler on behalf of Pittsburgh Corning, party in the
3   Pittsburgh matter, same matter.
4        THE COURT:  Thank you.
5        MR. HOGAN:  Good afternoon, your Honor.  Daniel
6   Hogan, The Hogan Firm, locally here in Wilmington.  I am
7   local counsel together with Mr. Esserman's firm representing
8   various asbestos claimants.
9        THE COURT: Okay.  Thank you.
10            Is that everyone?
11       MS. GILBERT:  Jeanette Gilbert from Motley Rice
12  representing plaintiffs asbestos on the line.
13       THE COURT:  Thank you.
14       MR. PAUL:  Good afternoon your Honor.  Adam Paul
15  with Kirkland & Ellis, representing W.R. Grace.
16       THE COURT:  Thank you.
17            Is there anybody else?
18            All right.  Thanks you all very much.  I have a
19  court reporter with me.  For the record, it is our case of
20  in Re:  Owens Corning, Civil Action No. 11-1130-LPS.  That
21  is the lead case.  And this is a status teleconference which
22  I scheduled in light of the request for oral argument on the
23  appeal.  So I want to discuss whether in fact we should have
24  oral argument.  If so, what type of time frame I should be
25  looking at scheduling it for and I'm also curious as to the

1  status of the appeal pending in the Western District of
2  Pennsylvania and the status of the underlying bankruptcy.
3  So I'm asking those who wish to speak to address those and
4  any other matters you think are pertinent at this time.  And
5  we'll begin first with the appellants, please.

6              MR. CASSADA:  Yes.  Thank you, your Honor.  This
7  is Garland Cassada with Robinson, Bradshaw & Hinson.  We did
8  request oral argument because we thought it would be useful
9  to the Court given the large number of issues that have been
10 raised in opposition of public access.

11             We are completely flexible and available to the
12 Court at its convenience to be heard hopefully as soon as
13 possible since there is some degree of urgency in our
14 getting access to the 2019 statement, assuming the Court
15 agrees we're entitled to public access.

16             We would leave it to the Court's discretion to
17 determine how much time to schedule for oral argument.  We
18 think that a normal time period for an argument might be
19 appropriate, maybe 45 minutes or so for the appellants and
20 the appellees, with the appellees to split their share of
21 time as they deem appropriate among one another.

22             As far as the appeals in the Western District of
23 Pennsylvania are going, those appeals followed an identical,
24 almost identical scheduling order as the order before this
25 Court.  The briefing had been completed in that case.  But

1  there has been no oral argument scheduled or any other order
2  entered as far as we know since the appeals were closed, the
3  briefs were closed.
4        THE COURT: Has there been a request for oral
5  argument out there?
6        MR. CASSADA: There has not been.
7        THE COURT: And you say there is some degree of
8  urgency. Help me understand what the urgency is and how
9  urgent is urgent.
10       MR. CASSADA: Well, the information we're
11 seeking, your Honor, as the Court knows well from the
12 briefs, are 2019 statements which identify asbestos
13 creditors who participated in the relevant cases. Garlock
14 filed its own bankruptcy case in June of 2010 and there are
15 various matters in that case, including an estimation trial
16 that has not yet been scheduled. We're not exactly sure
17 when it would be scheduled but we seek the 2019 statements
18 for information and evidence that would bear on our theory,
19 the theory of our case and estimation.
20       Specifically, and this is described at some
21 length in our brief, Garlock contends that its bankruptcy
22 was precipitated in large part by the bankruptcies of large
23 asbestos defendants in the cases now before this Court and
24 when Garlock was forced to bear shares of liability for
25 those defendants and in addition to that suffered a lack of

1   evidence of plaintiff's exposure to those defendants and we

2   believe that the 2019 statements identify a common claimant

3   to Garlock and those defendants and assist us both in

4   estimating the degree of Garlock's liability, whether it's

5   liable to begin with or whether claimants injuries were us

6   caused by the codefendant.  Also, if Garlock does have

7   liability, how liability should be allocated to Garlock

8   given the relative fault of the codefendant.

9            So we seek the information for use in our

10  bankruptcy case for an estimation trial that we believe

11  will be scheduled in the future.  There was a scheduling

12  conference last month.  We expected at that point that the

13  judge might actually schedule the trial.  He didn't.  There

14  are some preliminary discovery matters that are before the

15  court, before that court, but the Court will, we believe, in

16  the near future, schedule an estimation trial.

17           THE COURT:  If I'm not able to get you in here

18  for oral argument until some time in May, would that

19  reasonably accommodate the urgency that you seek?

20           MR. CASSADA:  I believe -- I believe so, your

21  Honor.  Obviously, we don't know what happens in disposition

22  after that but if we can be heard in May and depending on

23  when the Court might be able to rule on our appeal, that

24  would be sufficient.

25           THE COURT:  Okay.  Is there anything else you

1  want to add before I turn it over to the others?

2              MR. CASSADA:  No, your Honor.

3              THE COURT:  Any of the appellees wish to be
4  heard?  If so, somebody speak up.

5              MS. RAMSEY:  Yes, your Honor.  This is Natalie
6  Ramsey on behalf of the certain of the law firms appellees.

7              We have spoken with some of the other appellees
8  and all the parties that I have spoken with and my clients
9  are certainly prepared to proceed with oral argument, if the
10 Court has any questions or would like to have us address any
11 of the issues that it was presented in the briefing.

12             But it is our opinion that oral argument is not
13 necessary here.  We think that the arguments have been fully
14 developed in the briefing.  None of the appellees have
15 requested oral argument and we think that Garlock has had
16 the opportunity to respond to whatever arguments the
17 appellees have raised in their briefing through its reply
18 brief and so we're not seeking oral argument from the Court.

19             THE COURT:  Okay.  Thank you.

20             Do any other appellees wish to be heard?

21             MR. ESSERMAN:  Your Honor, this is Sandy
22 Esserman.

23             We agree with, I think Ms. Ramsey and myself
24 represent the bulk of the firms involved in this process.
25 Not to diminish the other appellees but they're sort of

1   tangential to the process, at least in the lower courts, and
2   really don't have as much of a stake in the issues as such
3   but we agree with everything Ms. Ramsey said.
4               Furthermore, if Garlock is really anxious for a
5   decision, which I question -- I question that whole premise
6   to begin with, you have got all the papers submitted to you
7   now.  I don't think there is any issues that are open if
8   your Honor does have some issues that your Honor would like
9   orally argued, we'll be happy to orally argue them at a
10  convenient time before the Court, should the Court desire
11  it, but we think the record is pretty complete.
12              I'm not aware of any argument that Garlock has
13  left out or particularly any argument that goes in contrary
14  to Garlock's argument.
15              But once again, we're at the Court's disposal
16  and discretion, at what ever the Court wants to do is more
17  than adequate with us.  We think the record is pretty
18  complete but we leave it to you.
19              THE COURT:  Okay.  Thank you very much.  Any
20  other appellees wish to weigh in.
21              MR. MACLAY:  Yes, your Honor this is Kevin
22  Maclay for the four ACCs.  With just two quick comments.
23              One.  As this Court itself earlier noted on this
24  call, oral argument hasn't been requested in the Pittsburgh
25  case which is very similarly positioned and just like in

1    that case we don't think it is necessary here.
2                But if it is granted and this Court decides
3    oral argument would be helpful, I would make the point that
4    although the two law firm groups and the ACCs have some
5    similar positions and interests.  The rest of the appellees
6    really have some different issues that their primary focus.
7    So we would ask to the extent there is a division -- to the
8    extent the Court allocates time, it gives the two law firm
9    groups and the ACCs an equivalent amount of time to the
10   appellants with other appellees given a different amount of
11   time since they have different issues than we do.
12               THE COURT:  Okay.  Thank you.
13               Do any other appellees want to be heard?
14               Okay.  Do the debtors have anything they want to
15   say?
16               MR. CASSADA:  No, your Honor.  We don't have
17   anything to add.
18               THE COURT:  All right.  Then I think it's back
19   to you, Mr. Cassada.
20               MR. CASSADA:  Actually, I just answered for the
21   debtor.  I'm sorry.
22               THE COURT:  I'm sorry.  Right.  Is there anybody
23   else that wants to say anything or did I get everybody?
24               All right.  I take it I got everyone who wants
25   to be heard.  Thank you.

```
 1                    Well, we will take a closer look at the briefs
 2     here and make a determination in the near future as to
 3     whether or not we're going to have oral argument and then if
 4     we are, we will, of course, let you know what the date and
 5     time for that will be.  But this has been very helpful and I
 6     appreciate all of you time.  Thank you very much.
 7                    (The attorneys respond, "Thank you, your
 8     Honor.")
 9                    (Telephone conference ends at 2:16 p.m.)
10
11          I hereby certify the foregoing is a true and accurate
       transcript from my stenographic notes in the proceeding.
12
13                                /s/ Brian P. Gaffigan
                                  Official Court Reporter
14                                   U.S. District Court
15
16
17
18
19
20
21
22
23
24
25
```